UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| **DANIELLE SMITH,**<br><br>Plaintiffs,<br><br>vs.<br><br>**WAL-MART STORES, INC., dba WAL-MART SUPERCENTER #2837, a Foreign Corporation; DOES 1 through X; and ROE CORPORATIONS I through X, inclusive,**<br><br>Defendants. | 2:11-cv-01520-MMD-RJJ<br><br>**ORDER**<br><br>Defendant's Countermotion to Exclude Dr. Dunn's Rebuttal Expert Report Opinions, and Future medical Expenses Premised Thereon (#16) |

This matter came before the Court for a hearing on Defendant's Countermotion to Exclude Dr. Dunn's Rebuttal Expert Report Opinions, and Future Medical Expenses Premised Thereon (#15). The Court also considered the Declaration of Brenda Entzinger in Support of Defendant's Countermotion (#16), Plaintiff's Response (#22), Plaintiff's Supplement in Support of the Response (#37), and Defendant's Reply (#23).

**BACKGROUND**

On June 30, 2009, Plaintiff Danielle Smith was shopping at a Wal-Mart store when she allegedly slipped and fell due to a liquid on the floor. She filed the present case against Wal-Mart on June 23, 2011, in the Nevada District Court. On September 22, 2011, the case was removed to this court.

The expert disclosure deadline in this case was on December 29, 201, and the rebuttal expert disclosure deadline was January 30, 2012. The Plaintiff disclosed Thomas Dunn, M.D.

as a rebuttal witness on January 31, 2012.  Acknowledging that Dr. Dunn was disclosed after the rebuttal expert deadline, the Plaintiff filed a belated Emergency Motion to Extend Time (#11), asking the Court to allow the late disclosure of the expert.  Wal-Mart filed its Response (#15) which was filed together with a Countermotion to Exclude Dr. Dunn's Rebuttal Expert Report, Opinions, and Future Medical Expenses Premised Thereon (#16). The Court granted the portion of the motion requesting a one (1) day extension to file the rebuttal expert report and denied the portion of the motion requesting an extension of the discovery cut-off date for other purposes.  Minutes of Proceedings (#38).

Wal-Mart asks the Court to exclude Dr. Dunn because he is an "affirmative" expert and not actually a "rebuttal" expert.  The disclosure deadline for initial expert witnesses was December 29, 201l. Dr. Dunn was disclosed 33 days after that date. Therefore, Wal-Mart asserts, that because the Plaintiff has failed to show that the untimely disclosure of Dr. Dunn was substantially justified or is harmless, the Court should exclude Dr. Dunn.  Wal-Mart has also specifically asked the Court to exclude the section of Dr. Dunn's opinion regarding approximately $320,000 in additional future damages.  Wal-Mart argues that the Plaintiff failed to comply with the Rule 26(a)(1)(A)(iii) duty to timely update her computation of damages.

**DISCUSSION**

**Dr. Dunn as "Rebuttal" Expert**

An expert is not a rebuttal expert if the testimony proffered does not address or rebut previously disclosed expert testimony.  See e.g., *Mainochi v. Union Pacific Corp.*, 2007 WL 2022027 at *1 (N.D. Cal. 2007) (holding that a witness was not a rebuttal expert where the expert he purportedly rebutted did not give an opinion regarding reasonableness of fees). If the purpose of expert testimony is "to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one." *In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir. 1992) (*quoting Morgan v. Commercial Union*

1  *Assur. Cos.*, 606 F.2d 554, 556 (5th Cir. 1979).  The rebuttal date is not intended to provide an
2  extension of the deadline by which a party may deliver the lion's share of its expert information.
3  *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996).
4        The court in *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R .D. 625, 636 (D. Hawaii
5  2008), held that rebuttal expert testimony must address the "same subject matter" identified by
6  the initial expert and that a rebuttal expert may only testify after the opposing party's initial
7  expert witness testifies. In other words, " '[a] rebuttal expert report is not the proper place for
8  presenting new arguments [or opinions].' " *Trowbridge v. United States*, 2009 WL 1813767 at
9  *11 (D. Idaho June 25, 2009) (quoting *Ebbert v. Nassau County*, 2008 WL 4443238 at *13
10 (E.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted).
11       Here, Dunn's expert testimony is not intended for the sole purpose of contradicting or
12 rebutting evidence on the same subject matter identified by Wal-Mart's expert report by Steven
13 McIntire, M.D. Dr. Dunn's expert report includes only one paragraph regard Dr. McIntire's
14 report. It reads as follows:

> "Upon review of the independent medical evaluation, I note that Steven L. Mcintire is a board-certified neurologist. He has opined correctly that there is no neurologic involvement from this accident. Ms. Smith's injuries are related to injuries to an orthopedic mechanical structure; therefore, his expertise regarding the diagnosis and treatment of disk disruption and diskogenic pain is outside the scope of his speciality and experience."

Rather than contradicting Dr. McIntire's report, the bulk of Dr. Dunn's report purports to offer previously undisclosed opinions. Dr. Dunn is not being offered as a rebuttal expert regarding the future fusion surgery, the cost of that surgery and the reasonableness of Plaintiff's treatment. Finally, if Wal-Mart does not call its expert, Dr. McIntire, to testify at trial, there will be nothing for Dr. Dunn to rebut and he will not testify either. Dr. Dunn should be treated as a rebuttal witness and only be allowed to contradict or rebut evidence on the same subject matter presented by Wal-Mart's expert witness.  Accordingly, the portion of Wal-Mart's Countermotion seeking the exclusion of affirmative testimony by Dr. Dunn will be granted.  The portion of Wal-Mart's Countermotion seeking to exclude Dr. Dunn entirely will be denied, as

3

Dr. Dunn may contradict or rebut evidence on the same subject matter presented by Wal-Mart's expert witness.

**Future Damages Claim**

Although the Plaintiff only disclosed the $320,000 after the deadline for rebuttal expert disclosures, she argues that she timely and dutifully updated her damages claim because the $320,000 in future damages was only known to her when Dr. Dunn submitted his expert report. At the same time, the Plaintiff argues that, although she was ignorant of these future costs, Wal-Mart and its attorneys, being sophisticated and capable legal experts, should have been able to divine the amount of future damages long before the Plaintiff actually disclosed them. This argument is completely illogical and self-serving.

The additional $320,000 in future damages is based solely on the opinion of Dr. Dunn, who is supposed to be a "rebuttal" expert. This part of Dr. Dunn's opinion does not rebut anything in Dr. McIntire's report and is excluded. Accordingly, this portion of Defendant's Countermotion (#15) will be granted.

**Rule 37 (c)**

Plaintiff's attempt to provide belated disclosures required by Fed. R. Civ. P. 26(a) through a rebuttal witness is inappropriate and rejected by the Court. In addition to arriving in a defective vehicle, a rebuttal witness, these disclosures have not been made in a timely manner. Fed. R. Civ. P. 26(e)(1)(A). The prejudice to the Defendant is overwhelming and attempts to completely rewrite the Plaintiff's case.

Finally, Fed. R. Civ. P. 37(c)(1) provides in part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness. . .at trial unless the failure was substantially justified or is harmless," The Plaintiff has failed to demonstrate that its conduct is substantially justified or harmless. Quite the opposite appears to be the case. Plaintiff's lack of diligence in prosecuting this case is unexplained.

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant's Countermotion to Exclude Dr. Dunn's Rebuttal Expert Report Opinions, and Future medical Expenses Premised Thereon (#16) is GRANTED in part and DENIED in part;

IT IS FURTHER ORDERED that the portion of Defendant's Countermotion seeking exclusion of affirmative testimony by Dr. Dunn is GRANTED;

IT IS FURTHER ORDERED that the portion of Wal-Mart's Countermotion seeking to exclude Dr. Dunn entirely is DENIED in that and Dr. Dunn may contradict or rebut evidence on the same subject matter presented by Wal-Mart's expert witness; and,

Finally, IT IS ORDERED that the portion of Defendant's Countermotion seeking to exclude Dr. Dunn's testimony concerning the $320,000 in future damages is GRANTED.

DATED this   12th   day of September, 2012.


_____
ROBERT J. JOHNSTON
United States Magistrate Judge